# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ALLISON STONE; an individual; and KARINA DJALILOVA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TOURAY YASIN, an individual; HBTL TOURING, LLC, a Delaware limited liability company; BRIDGING THE GAP MANAGEMENT, LLC, a Delaware limited liability company; ARTIST DUBOSE, a/k/a "A BOOGIE WIT DA HOODIE"; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | 2:19-cv-01945-JAD-VCF<br>**<u>ORDER</u>** |

Before the court is the Motion to Withdraw as Attorneys of Record (ECF No. 40).

Jack P. Burden, Esq., Jacquelyn Franco, Esq. and the law firm of Backus Carranza & Burden, seek to withdraw as counsel of record for Defendant Yasin Touray (incorrectly identified as Touray Yasin). Counsel states that, "during the course of representation, irreconcilable differences have emerged between Mr. Touray and counsel, making it impossible for counsel to continue in the capacity of attorneys of record." *Id* at p. 2.

There are no pending hearings or motions. The parties have until May 21, 2020 to file a new discovery plan and scheduling order (ECF No. 39). Trial date has not been set.

**Discussion:**

Under Local Rule 7-2(d), [t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Here, no opposition has been filed and the time to oppose has passed.

Pursuant to Local Rule IA 11-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of court after notice has been served on the affected client and opposing counsel." "Except for

good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 11-6(e). Nevada Rule of Professional Conduct 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, based on Defendant's counsel's representation that there are irreconcilable differences, the Court permits counsel to withdraw. LR IA 11-6(b); NRPC 1.16(b)(5). The Court finds that permitting counsel to withdraw would not result in delay. LR IA 11-6(e).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Withdraw as Attorneys of Record (ECF No. 40) is GRANTED.

IT IS FURTHER ORDERED that Jack P. Burden, Esq. and Jacquelyn Franco, Esq. must mail a copy of this order to Defendant Yasin Touray (incorrectly identified as Touray Yasin).

IT IS FURTHER ORDERED that Defendant Yasin Touray must either retain counsel or file a notice of appearing *pro se* on or before May 14, 2020.

IT IS FURTHER ORDERED that Defendant Yasin Touray must file with the Court written notification of any change of address.

The Clerk of Court is directed to mail a copy of this order to Defendant Yasin Touray at the following address:

Yasin Touray
333 E. 181 St., Unit G
Bronx, NY 10457

DATED this 14th day of April, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE